**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**CHARLES L. BERNARD, JR.**                                    **CIVIL ACTION**

**VERSUS**                                                              **NO. 95-2780**

**JEFFERSON PARISH**                                          **SECTION "K"(5)**

## ORDER AND REASONS

Before the Court is Defendant Jefferson Parish's Motion for Summary Judgment
("Mot.") (Rec. Doc. 27).  Plaintiff Charles Bernard has opposed this motion ("Opp.") (Rec. Doc.
36).  Having reviewed the relevant law and the pleadings submitted by the parties, it is the
conclusion of this Court that the Defendant's motion should be granted for the reasons following
herein.

## I.  BACKGROUND[1]

The matter before the Court concerns a claim of unconstitutional regulatory taking of the
Plaintiff's property without just compensation by Jefferson Parish.  In 1983, Plaintiff acquired
property in Jefferson Parish.  At the time of purchase, the property was zoned general
commercial or C-2.  As required by the Comprehensive Zoning Ordinance, the Planning
Department of Jefferson Parish began advertising a public hearing regarding possible zoning

---

[1]Unless otherwise noted, the facts are undisputed and can be found in the Plaintiff's
Uncontested Statement of Facts (Rec. Doc. 36-2) and the Defendant's Statement of Uncontested
Material Facts (Rec. Doc. 27-3).

1

changes in the latter months of 1990.  The advertisements ran for three consecutive weeks, from December 27, 1990 through January 10, 1991.  In addition, on January 10, 1991, a Zoning Area Study sign was installed to inform the public of potential zoning changes.

On January 31, 1991, the Jefferson Parish Council authorized the Zoning Area Study to consider the rezoning of nine contiguous lots, one of which belongs to Plaintiff.  The Jefferson Parish Planning Advisory Board recommended the rezoning of the parcels and on March 27, 1991, the Jefferson Parish Council adopted the Advisory Board's recommendation.  Thus, the nine lots, including Plaintiff's, were downzoned from general commercial, C-2, to general office, GO-2.

In 1994, Plaintiff became aware his property had been downzoned when he attempted to sell the lot.  (Rec. Doc. 36).  Plaintiff petitioned the Parish to restore the property to a C-2 zone or to obtain a more liberal use for the property.  However, the Parish denied the Plaintiff's petition on April 5, 1995.  Subsequently, on April 13, 1995, he filed suit in the 24th Judicial District.  Plaintiff requested that the court order the property be rezoned to C-2 (general commercial) and sought just compensation, attorneys' fees, costs, and judicial interest.  (Rec. Doc. 51-5).  In the alternative, if the court did not order a rezoning, he requested damages arising out of the permanent regulatory taking.  *Id*.

Plaintiff thereafter filed suit in the Eastern District of Louisiana on August 24, 1995. (Rec. Doc. 49-21).  Plaintiff claimed that the downzoning of his property constituted a regulatory taking of private property for public use without just compensation in violation of the Fifth and Fourteenth Amendments to the United States Constitution.  *Id*.  Plaintiff sought federal relief pursuant to 42 U.S.C. §§ 1983 and 1988, requesting the Parish be enjoined from enforcing the

GO-2 zoning.  Plaintiff also sought actual damages suffered together with interest, costs, and attorneys' fees.  *Id.*  On May 22, 1996, plaintiff filed an Unopposed Motion for Stay or Placement in Inactive Status Pending State Court Litigation in this Court.  (Rec. Doc. 36-4).  Plaintiff filed the Motion for Stay in response to the Parish "raising the defense of prematurity 'in that there is a case presented in the 24th Judicial District Court . . . involving the same factual dispute.'"  *Id.*  This Court granted the motion.

Plaintiff's lawsuit in the 24th Judicial District Court was dismissed on an exception to prescription on May 23, 2003.  (Rec. Doc. 27-3).  Plaintiff's motion to vacate that ruling, his petition to review the decision of the Jefferson Parish Council, and his motion for a new trial were also dismissed.  *Id.*  On May 26, 2004, plaintiff appealed the state court decision.  *Id.*  However, the Louisiana Fifth Circuit Court of Appeals upheld the trial court's ruling that Plaintiff's suit was barred by the statute of limitations.  *Id.*  In addition, Plaintiff applied for a writ of certiorari and/or review to the Louisiana Supreme Court.  The writ was denied on October 15, 2004.  *Id.*

On March 27, 2007, Plaintiff filed a Motion to Lift Stay of Proceedings and Placement of the Matter on the Active Docket of the Court.  (Rec. Doc. 13).  The Court granted the motion on May 29, 2007.  Defendant filed a Motion for Summary Judgment on February 6, 2008, based on res judicata and the prescription of the takings claim.  (Rec. Doc. 27-2).  Shortly after, the Court ordered the parties to file supplemental memorandum "to further brief the issue of how res judicata and/or collateral estoppel applies to a federal case where a prior state suit has been dismissed on grounds of prescription."  (Rec. Doc. 48).

## II.  ANALYSIS

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).  "Courts must view all of the evidence and all factual inferences from the evidence in the light most favorable to the non-movant."  *Xerox Corp. v. Genmoora Corp*., 888 F.2d 345, 352 (5th Cir. 1989).  However, the "nonmoving party [must] to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex,*  477 U.S. at 324, 106 S.Ct. at 2553, *citing* Fed. R. Civ. P. 56(c). Thus, "summary judgment is appropriate where the underlying facts are undisputed, and the record reveals no evidence from which reasonable persons might draw conflicting inferences about these facts." *Prinzi v. Keydril Co.*, 738 F.2d 707, 709 (5th Cir. 1984).

## A.  Ripeness

The present matter centers on the issue of ripeness.  Under the Supreme Court's standard set forth in *Williamson County Regional Planning Commission v. Hamilton Bank*, "a property owner has not suffered a violation of the Just Compensation Clause until the owner has unsuccessfully attempted to obtain just compensation through the procedures provided by the sate for obtaining such compensation."  473 U.S. 172, 195, 105 S.Ct. 3108, 3121, 87 L.Ed.2d 126 (1985).  *Williamson County* directly considered a claim very similar to the present matter in

4

which a petitioner brought a suit under 42 U.S.C. § 1983, claiming a regulatory taking had

occurred when his real property was rezoned by a municipal government.[2]  In the course of

applying *Williamson County*, the Fifth Circuit has established that a federal Takings Clause

claim is not ripe "until (1) the relevant governmental unit has reached a final decision as to what

will be done with the property and (2) the plaintiff has sought compensation through whatever

adequate procedures the state provides."  *Waltman v. Payne*, --- F.3d ----, 2008 WL 2690125

(5th Cir. July 10, 2008), *quoting Sandy Creek Investors, Ltd. v. City of Jonestown, Tex.*, 325 F.3d

623, 626 (5th Cir. 2003).  As a claim is not ripe until a final adjudication has been made by the

relevant state agencies, the federal statute of limitations generally does not begin to run until the

state has made its final adjudication.[3]

　　　　Where a plaintiff's state law regulatory taking claim is barred by a statute of limitations

in state court, the Fifth Circuit has held that it is consequently barred by *Williamson County*'s

requirement to fully pursue state remedies.  In *Liberty Mutual Insurance Company v. Brown*,

---

[2]*See also Manuf. Home Communities Inc. v. City of San Jose*, 420 F.3d 1022, 1035 (9th Cir. 2005) ("Constitutional takings claims are subject to the *Williamson County* ripeness test.").

[3]*See MacDonald, Sommer & Frates v. Yolo County*, 477 U.S. 340, 350, 106 S.Ct. 2561, 2566, 91 L.Ed.2d 285 (1986) ("[A] court cannot determine whether a municipality has failed to provide "just compensation" until it knows what, if any, compensation the responsible administrative body intends to provide."); *New Pulaski Co. Ltd. P'ship v. Mayor & City Council of Baltimore*, 217 F.3d 840 (4th Cir. 2000) ("[A] takings claim is not ripe, and the statute of limitations does not begin to run, unless the property owner has exhausted any available administrative exemption and compensation procedures.").  As is well-established, "[i]n § 1983 claims, the applicable statute of limitations is that which the state would apply in an analogous action in its courts."  *Bourdais v. New Orleans City*, 485 F.3d 294, 298 (5th Cir. 2007).  The applicable federal statute of limitations here would be the Louisiana prescriptive period of three years for actions against the state, a parish, or other political subdivision "for compensation for taking of the property by the defendant."  La. Rev. Stat. § 13:5111(A); *Liberty Mut. Ins. Co. v. Brown*, 380 F.3d 793, 799 (5th Cir. 2004) (applying § 13:5111 to inverse condemnation claim).

380 F.3d 793, 794 (5th Cir. 2004), a workers's compensation insurer sued the Louisiana state

insurance rating commission, alleging that the rates set by the commission over a period of

several years were confiscatory.  However, the insurer "[b]ypass[ed] the administrative and

judicial remedies made available by Louisiana law" instead filing suit in federal district court.

*Id.* at 795.  The district court dismissed the takings claim as unripe, which prompted the insurer

to file in state court, although that suit was also dismissed for failure to pursue state

administrative remedies.  *Id.* at 795-96.  The insurer then filed again in federal district court,

which again dismissed his claim, this time on the grounds that the relevant state statute of

limitations had expired for his state claims resulting in the insurer's failure to properly exhaust

state remedies.  The Fifth Circuit affirmed the district court's holding, stating that "[the insurer]

failed to present its inverse condemnation action to the statue court in a posture such that the

state court could rule on the merits of [the insurer's] claim," which violated the second

*Williamson County* requirement of "utiliz[ing] the available state procedures for obtaining

compensation."  *Id.* at 798.  Moreover, the Fifth Circuit agreed with the district court's finding

that the insurer's claim was now prescribed by Louisiana's statute of limitations, thus the insurer

"ha[d] permanently prevented the claim from ever ripening."  *Id.* at 799.

      Consistent with Fifth Circuit law, and corresponding decisions of the federal courts of

appeals,[4] the Plaintiff here has failed to pursue all available state remedies, preventing his claim

---

[4]*See Pascoag Reservoir & Dam, LLC v. Rhode Island*, 337 F.3d 87, 94 (1st Cir. 2003
("Adequate state remedies were available to [plaintiff]; it simply ignored those remedies until it
was too late. By failing to bring a timely state cause of action, [plaintiff] forfeited its federal
claim."); *Vandor, Inc. v. Militello*, 301 F.3d 37, 39 (2d Cir. 2002) (dismissing claim with
prejudice where plaintiff failed to pursue state remedies and statutes of limitations had expired);
*Gamble v. Eau Claire County*, 5 F.3d 285 (7th Cir. 1993) ("By booting her state compensation
remedies [plaintiff] forfeited any claim based on the takings clause to just compensation.").

from becoming ripe.  In 1996, the Plaintiff stayed his suit in federal court in order to properly pursue his state law remedies in state court.  (Rec. Doc. 8).  In state court, however, his claim was found to be prescribed by Louisiana's three-year prescription period, despite Plaintiff's claim that he did not receive proper notice.  (Rec. Doc. 49-12).  As in *Liberty Mutual*, Plaintiff's failure to file his state claim within the three-year prescriptive period results in his failure to fulfill the second prong of *Williamson County* that requires a plaintiff to have sought compensation through whatever adequate procedures the state provides.  Because Plaintiff will never be able to fulfill this requirement, his federal claims are therefore permanently barred. Any contrary holding by this Court would ostensibly allow a Plaintiff to sit on his rights until his state law claims are prescribed and then bring a federal suit based on the same claim, thus eviscerating the *Williamson County* state remedy exhaustion requirement.  *See Liberty Mutual*, 380 F.3d at 798, *citing Pascoag Reservoir & Dam, LLC v. Rhode Island*, 337 F.3d 87, 93 (1st Cir. 2003) ("[Plaintiff's futility argument is simply that it is now time-barred from making state law claims. If the futility rule were read this broadly it would swallow the general rule of state remedy exhaustion.").

It should be noted the Supreme Court's opinion in *Williamson County* did include an exception to its rule.  As explained in *Liberty Mutual*, "To excuse its failure to comply with *Williamson County* 's second requirement, [a party] must show that available state procedures were inadequate or unavailable at the time of the taking."  *Liberty Mutual*, 380 F.3d at 799 (citing *Williamson County,* 473 U.S. at 196-97, 105 S.Ct. 3108).  "[T]he property owner bears the burden of proving that state law proceedings are unavailable or inadequate."  *Urban Developers LLC v. City of Jackson, Miss.*, 468 F.3d 281, 295 (5th Cir. 2006).  However, such

7

administrative and judicial procedures are most certainly available, considering Plaintiff pursued them here.  Moreover, "inadequate" procedures are "those that *almost certainly* will not justly compensate the claimant."  *Samaad v. City of Dallas*, 940 F.2d 925 (5th Cir. 1991) (emphasis in original).  Plaintiff has not made any argument herein that state remedies were either unavailable or inadequate, and this Court has no reason to make such a finding.  *See Liberty Mutual*, 380 F.3d at 799 (dismissing plaintiff's claim where it did not bear its burden to prove that state remedies were unavailable or inadequate).

## B.  Res Judicata

The final claim that Plaintiff asserts on this point is that this Court should revisit the state court's decision concerning the application of the statute of limitations to his claims.  "Under the [federal] doctrine of res judicata or claim preclusion, a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action." *Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 326, n.5, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979). However, "[a] federal court asked to give res judicata effect to a state court judgment, must apply the res judicata principles of the law of the state whose decision is set up as a bar to further litigation." *Hernandez v. City of Lafayette*, 699 F.2d 734, 736 (5th Cir. 1982).  Thus, this Court must apply Louisiana's res judicata statute.[5]  It is settled in Louisiana that "[a] plaintiff must

---

[5]Defendant contends that "litigation is barred by res judicata when the prior case involves: 1) the same parties, 2) the same cause, and 3) the same object or demand."  (Rec. Doc. 49). Defendant borrows this language from *Allen v. McCurry,* 449 U.S. 90, 96, 101 S.Ct. 411 (1980) and *Hernandez v. City of Lafayette*, 699 F.2d at 736, however, Louisiana law on res judicata was amended in 1991.  Thus, La. Rev. Stat. §13:4231,2 (1991) is controlling and defendant's argument under the prior law is unpersuasive.

assert all claims that arise out of the same occurrence in one action and any additional claims will be barred by principles of res judicata." *Fine v. Reg'l Transit Auth.*, 676 So.2d 1134, 1136 (La. Ct. App. 1996), *citing Wood v. May*, 658 So.2d 8 (La. Ct. App. 1995), *see also* La. Code Civ. Proc. art. 425 (1991).  Louisiana has codified res judicata:

> Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
>
> (1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
>
> (2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
>
> (3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.

La. Rev. Stat. § 13:4231 (1991).

Both the Fifth Circuit and Louisiana courts have held that "dismissals based on a plea of prescription is a final judgment [on the merits] for purposes of res judicata."[6]  *Paradise Vill. Children's Home, Inc. v. Liggins*, 866 So.2d 562, 568-69 (La. Ct. App. 2004), *see also Ellis v. Amex Life Ins., Co.,* 211 F.3d 935, 937 (5th Cir. 2000).  According to La. Rev. Stat. §13:4231.2

---

[6]Under the federal rule, dismissal of a claim on the basis of statute of limitations "merely bars the remedy and does not extinguish the substantive right, so that dismissal on that ground does not have claim-preclusive effect in other jurisdictions with longer, unexpired limitations periods." *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 504, 121 S.Ct. 1021, 1026, 149 L.Ed.2d 32 (2001).

(1991), "[a]ll causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action." Furthermore, "[a] valid, final judgment in favor of the defendant is conclusive between the parties.  It extinguishes all causes of action arising from the same transaction or occurrence that is the subject matter of the suit and bars similar subsequent actions unless the judgment is reversed on appeal." *Centanni v. Ford Motor Co.,* 636 So.2d 1153, 1155 (La. Ct. App. 1994).

However, La. Rev. Stat. §13:4232 (1991) lists three exceptions to the general res judicata rule: "[a] judgment does not bar another action by the plaintiff:  (1) When exceptional circumstances justify relief from the res judicata effect of the judgment; (2) When the judgment dismissed the first action without prejudice; or, (3) When the judgment reserved the right of the plaintiff to bring another action."  There appears to be no dispute that Louisiana res judicata principles apply.  Therefore, the only dispute concerns whether the present case qualifies under one of the exceptions of La. Rev. Stat. § 13:4232.

Plaintiff asserts that under La. Rev. Stat. §13:4232, the Motion to Stay granted by this Court constitutes an exceptional circumstance that should relieve him from the res judicata effect of the state court judgment.  (Rec. Doc. 51).  Plaintiff cites several cases to support his contention where exceptional circumstances were found as an exception to the application of res judicata.  However, the cases cited by Plaintiff are inapposite.  All of them present extraordinary instances where "application of the doctrine would be unfair to the claimant." *McClendon v. Dep't of Transp. & Dev.*, 626 So.2d 729, 731 (La. Ct. App. 1993) (not applying res judicata where Louisiana Supreme Court denied writ for appeal, but then reversed the existing law one

10

month later); *Dronet v. Dronet*, 694 So.2d 426 (La. Ct. App.1997) (legal representation lacking),

*Skipper v. Berry*, 762 So.2d 56, 58 (La. Ct. App. 1995) (attorney error resulting in no prejudice

to defendants).  Plaintiff does not persuasively argue that the present matter involves exceptional

circumstances, and this Court cannot fathom how such circumstances would apply here.

Consequently, any reconsideration of whether the statute of limitations applies is barred by res

judicata.  Therefore, this Court will dismiss Plaintiff's complaint with prejudice.


### III.  CONCLUSION

For the foregoing reasons, accordingly

**IT IS ORDERED** that the Defendant's Motion for Summary Judgment (Rec. Doc. 27) is

**GRANTED.**  Plaintiff's complaint is hereby **DISMISSED WITH PREJUDICE.**


New Orleans, Louisiana, this __22nd__ day of July, 2008.

                              _____
                                   **STANWOOD R. DUVAL, JR.**
                               **UNITED STATES DISTRICT JUDGE**